IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARTIN J. WALSH,<br>SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR,<br><br>        Plaintiff,<br><br>v.<br><br>BEST CHOICE HOME HEALTH CARE<br>AGENCY INC. a corporation,<br><br>        Defendant. | CIVIL ACTION FILE<br>NO. 2:21-cv-2280 |

## COMPLAINT

Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Secretary"), brings this action to enjoin Best Choice Home Health Care Agency Inc., a corporation, from violating Sections 6, 7, 11, 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., ("Act"). The Secretary also seeks a judgment against Defendant for back wage compensation, plus an equal amount in liquidated damages, for Defendant's employees.

### I

1. Pursuant to Sections 16(c) and 17 of the Act, 29 U.S.C. §§ 216(c) and 217, and 28 U.S.C. §§ 1331 and 1345, this Court has jurisdiction over this action.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to these claims occurred within this district and because the Defendant resides in the District of Kansas and by virtue of transacting business in the District of Kansas.

II

3. Defendant Best Choice Home Health Care Agency Inc. was incorporated in Kansas as a corporation with a principal place of business at 1232 N. 79th Street, Kansas City, Kansas 66112 within the jurisdiction and venue of this Court.

4. Defendant is engaged in providing personal care staffing services in Kansas.

III

5. Since at least November 17, 2015, Defendant has had employees engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; an annual gross volume of sales made or business done of not less than $500,000, exclusive of excise taxes at the retail level, separately stated; and, therefore, was and is an enterprise engaged in commerce or in the production of goods for commerce as defined in section 3(s)(1)(A) of the Act.

IV

6. Defendant has violated and is violating the provisions of sections 6 and 15(a)(2) of the Act by failing to pay to certain employees for their employment, in an enterprise engaged in commerce or in the production of goods for commerce, wages at rates not less than $7.25 per hour, since at least November 17, 2015.

V

7. Defendant, an employer subject to the provisions of the Act, has violated and is violating the provisions of sections 7 and 15(a)(2) of the Act by employing certain employees in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours since at least November 17, 2015, without compensating said employees for

Case 2:21-cv-02280-HLT-TJJ   Document 1   Filed 06/22/21   Page 3 of 5

their employment in excess of 40 hours in such workweeks at rates not less than one and one-half times the regular rates at which they were employed.

## VI

8. Defendant, an employer subject to the provisions of the Act, has violated and is violating the provisions of sections 11(c) and 15(a)(5) of the Act, in that since at least November 17, 2015, it has failed to make, keep, and preserve adequate and accurate records of Defendant's employees and of the wages, hours, and other working conditions and practices of employment maintained by Defendant, as prescribed by the regulations (29 Code of Federal Regulations Part 516) promulgated pursuant to section 11(c) of the Act, in that the records kept by Defendant failed to accurately record, among other things, the total working hours for each work day and each workweek and total premium pay for overtime hours, with respect to certain of Defendant's employees.

## VII

9. Defendant has repeatedly and willfully violated and continues to violate the aforesaid provisions of the Act as alleged in paragraphs IV-VI.  A judgment permanently enjoining and restraining the violations herein alleged, including the restraint of the continued withholding of unpaid minimum wages and overtime compensation due Defendant's employees, is specifically authorized by Section 17 of the Act.

## VIII

10. As a result of the violations alleged in paragraphs IV-VI above, Defendant has unlawfully withheld and continues to withhold unpaid minimum wage and overtime compensation from certain employees.  These back wages are owed to present and former employees, including those persons specifically named in Appendix A, attached hereto, for the

period from November 17, 2015 through November 18, 2017 and continuing thereafter. A judgment granting recovery of back wages, together with an equal additional amount as liquidated damages, is specifically authorized by section 16(c) of the Act.

WHEREFORE, cause having been shown:

Plaintiff prays judgment pursuant to section 17 of the Act, permanently enjoining and restraining Defendant, Defendant's officers, agents, servants, employees, and those persons in active concert or participation with Defendant who receive actual notice thereof, from violating the provisions of Sections 15(a)(2) and 15(a)(5) of the Act, including the restraint of any withholding of payment of unpaid compensation found by the Court to be due to Defendant's employees.

Plaintiff further demands judgment, pursuant to section 16(c) of the Act, against Defendant for unpaid minimum wages and overtime compensation found by the Court to be due for Defendant's present and former employees, and for an equal additional amount as liquidated damages.

Should the Court decline to award said liquidated damages, Plaintiff further demands the award of interest on said unpaid amounts from the date said unpaid amounts became due, until date of judgment.

Plaintiff further prays for such other relief as the Court may find due, including an order that Defendant be required to locate affected employees and distribute any amounts found to be due to affected employees as the result of the violations alleged in paragraphs IV-VI hereof.

Plaintiff further demands the award of post-judgment interest as authorized by 28 U.S.C. § 1961, and prays that he recover the costs of this action.

5

Respectfully submitted,

Elena S. Goldstein
Acting Solicitor of Labor

Christine Z. Heri
Regional Solicitor

Evert H. Van Wijk
Associate Regional Solicitor

s/ Dana M. Hague
Dana M. Hague
Senior Trial Attorney
KS Bar #21572

U.S. Department of Labor
Office of the Solicitor
2300 Main Street, Suite 1020
Kansas City, MO 64108
Phone: 816-285-7289
Fax: 816-285-7287
hague.dana.m@dol.gov

Attorneys for Plaintiff Secretary of Labor,
United States Department of Labor