## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| MARTIN J. WALSH, | ) | |
| SECRETARY OF LABOR, | ) | |
| UNITED STATES DEPARTMENT OF LABOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | No. 2:21-cv-2280 |
| | ) | |
| BEST CHOICE HOME HEALTH CARE | ) | |
| AGENCY INC., a corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## **CONSENT JUDGMENT**

Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor, hereinafter "Plaintiff" or "the Secretary," having filed his Complaint, and Defendant, Best Choice Home Health Care Agency Inc., hereinafter "Defendant" or "Employer," having agreed to the entry of this judgment without contest; It is, therefore, upon motion of counsel for Plaintiff, and for cause shown:

ORDERED, ADJUDGED, AND DECREED that Defendant, its officers, agents, servants, and all persons acting or claiming to act on its behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of Sections 6, 7, 11(c), and 15, of the Act, in any manner, specifically:

1.     Defendant shall not, contrary to Section 6 of the Act, pay to any of its employees who in any workweek are engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at rates less than $7.25 an hour, or any rate subsequently made applicable by amendment to Sections 6 and 15(a)(2) of the Act.

2.     Defendant shall not, contrary to Section 7 of the Act, employ any of its

employees, in any workweek when they are engaged in commerce or employed in an enterprise engaged in commerce, within the meaning of the Act, for workweeks longer than 40 hours, or the hours which in the future become applicable under Sections 7 and 15(a)(2) of the Act, unless the said employees receive compensation for their employment in excess of the prescribed hours at a rate equivalent to one and one-half times the regular rates applicable to them.

3.     Defendant shall not, contrary to Sections 11(c) and 15(a)(5) of the Act, fail to make, keep, and preserve adequate and accurate records of its employees, and of the wages, hours, and other conditions and practices of employment maintained by them, as prescribed by the regulations issued, and from time to time amended, pursuant to Section 11(c) and 15(a)(5) of the Act and found at 29 C.F.R. Part 516.  Defendant shall make such records available at all reasonable times to representatives of the Plaintiff.

It is further ORDERED, ADJUDGED and DECREED by the Court that:

4.     Pursuant to Section 15(a)(3) of the Act, Defendant shall not discharge or take any retaliatory action against any of its employees, whether or not directly employed by Defendant, because the employee engaged in any of the following activities:

    i.     Discloses, or threatens to disclose, to a supervisor or to a public agency, any activity, policy, or practice of the Employer or another employer, with whom there is a business relationship, that the employee reasonably believes is in violation of the Act, or a rule or regulation promulgated pursuant to the Act;

    ii.     Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing or inquiry into any alleged violation of the Act, or a rule or regulation promulgated pursuant to the Act, by the Employer or another employer with whom there is a business relationship;

    iii.     Objects to, or refuses to participate in any activity, policy or practice

which the employee reasonably believes is in violation of the Act, or a rule or regulation promulgated pursuant to the Act.

It is further ORDERED, ADJUDGED and DECREED by the Court that:

5.      Defendant is enjoined and restrained from withholding gross back wages in the sum total amount of $334,668.36, and is liable for the payment of $103,000.00 in liquidated damages, due to certain employees and former employees of Defendants set forth and identified in Exhibit A, which is attached hereto and made a part hereof.

6.      Defendant shall pay gross back wages and liquidated damages in the total amount of $437,668.36, for violations of the minimum wage and overtime provisions of the Act by Defendant alleged to have occurred during the period beginning November 17, 2015 and ending November 18, 2017 ("Investigation Period"). This amount shall represent the full extent of back wages and liquidated damages owed by Defendant for the Investigation Period to the employees set forth and identified on Exhibit A. It is further agreed that the minimum wage and overtime compensation payments by Defendant in the amount as specified above are in the nature of back wages and liquidated damages pursuant to the provisions of the Act. Defendants shall remain responsible for all tax payments considered to be the "employer's share," including, but not limited to, FICA.

i.      The provisions of this Consent Judgment relative to back wage and liquidated damages payments shall be deemed satisfied when Defendant delivers to the designated representatives of Plaintiff a payment in the amount of $437,668.36 within thirty (30) days of the entry of this Judgment by the Court. Payment may be made online by ACH transfer, credit card, or debit card by going to https://www.pay.gov/public/form/start/77734516 or www.pay.gov. Alternatively, payment may be in the form of a certified or cashier's check made

3

payable to the order of "Wage and Hour Division – Labor," and mailed to:

U.S. Department of Labor, Wage and Hour Division
P.O. Box 2638
Chicago, Illinois 60690-2638

The check or money order shall bear the following reference: Case ID# 1809292.

      ii.    Along with the payment of $437,668.36, Defendant shall furnish to Wage and Hour Division, P.O. Box 2638, Chicago, Illinois 60690-2638 the following information: The federal tax identification number for Defendant; and, in a document in the form of Exhibit B attached hereto, the Social Security Number, last known address, last known telephone number and last known e-mail address of each person listed on Exhibit A hereto.

      7.    Upon receipt of full payment from Defendant, the Secretary's counsel shall file with the Court a certificate of payment, and representatives of the Secretary shall distribute Defendant's payments, less appropriate deductions for federal income withholding taxes and the employee's share of the social security (F.I.C.A.) tax, to the employees or former employees listed on Exhibit A, or their legal representative or estate as their interests may appear, in accordance with the provisions of section 16(c) of the Fair Labor Standards Act. Defendant remains responsible for the employer's share of F.I.C.A. arising from or related to the back wages distributed by the Secretary. Any funds not distributed within a period of three years from the date of this Judgment because of inability to locate the proper persons or because of such person's refusal to accept the sums sought to be distributed shall be deposited with the Treasurer of the United States pursuant to 29 U.S.C. § 216(c).

      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED by the Court that:

      8.    Defendant shall not request, solicit, suggest, or coerce, directly or indirectly, an employee to return or to offer to return to Defendant or to someone else for the Defendant, any

money, whether in the form of cash, check, or any other form, previously due or to become due in the future to said employee under the provisions of this Judgment or the Act; nor shall Defendant accept, or receive from any employee, either directly or indirectly, any money, whether in the form of cash, check, or any other form, heretofore or hereafter paid to said employee under the provisions of this Judgment or the Act; nor shall Defendant discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained money due to him or her from the Defendant under the provisions of this Judgment or the Act; nor shall Defendant or anyone acting on its behalf retaliate against any employee recovering back wages under this Judgment by paying said employee at an hourly rate that is less than the regular hourly rate presently paid to such employee or that is presently set or established by Defendant for the job titles or duties such employee is performing or will be assigned to perform.  Defendant will not raise an employee's immigration status as a defense to the payment of the back wages in any suite alleging such retaliation.

9.     The provisions of this Consent Judgment shall not in any way affect any legal right of any individual not named on Exhibit A, nor shall the provisions in any way affect any legal right of any individual named on Exhibit A, to file any action against Defendant for any violations alleged to have occurred outside the Investigation Period.

10.     The parties agree that the instant action is deemed to solely cover Defendant's business and operations for the Investigation Period for all claims raised in the Complaint as a result of the Secretary's investigation. The parties agree that the filing of this action and the provisions of this Judgment shall not, in any way, affect, determine, or prejudice any and all rights of any person specifically named on Exhibit A or the Secretary for any period after

November 18, 2017, or any persons, be they current or former employees, not specifically named on Exhibit A, insofar as such rights are conferred and reserved to said employees by reason of Section 16(b) of the Act.

11.     Defendant agrees that it is an employer within the meaning of Section 3(d) of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

12.     By entering into this Consent Judgment, Plaintiff does not waive his right to conduct future investigations of Defendant under the provisions of the FLSA and to take appropriate enforcement action, including assessment of civil money penalties pursuant to Section 16(e) of the FLSA, with respect to any violations disclosed by such investigations.

13.     None of the preceding agreements, statements, findings, or actions taken by Defendant shall be deemed an admission of any kind by Defendant of the allegations in the Secretary's Complaint, nor shall any of the same be construed as evidence of any alleged wrongdoing by the Defendant.  Defendant expressly denies the allegations in the Secretary's Complaint and the parties agree and acknowledge that this matter involves a bona fide wage and hour dispute and that the agreements, statements, findings and actions taken herein by the Defendant are made for the sole purpose of resolving this matter in an amicable manner thereby avoiding further expense and inconvenience.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED by the Court that:

14.     Each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding including, but not limited to, attorney fees which may be available under the Equal Access to Justice Act, as amended.

15.     This Court shall retain jurisdiction over this action and the parties hereto as may be necessary to enforce the provisions of this Judgment.

_____
*/s/ Holly L. Teeter*
UNITED STATES DISTRICT JUDGE

Dated:_____ June 24 , 2021

Defendant hereby consents to
the entry of this Judgment:

For the Employer
Best Choice Home Health Care Agency Inc.
1232 North 79th Street,
Kansas City, KS 66112

_____
Reginald King, Owner
Best Choice Home Health
Care Agency, Inc.

_____
Ericka King, Owner
Best Choice Home Health
Care Agency, Inc.


MARTIN PRINGLE ATTORNEYS AT LAW


_s/ Lora Jennings Mizell_____
Lora Jennings Mizell (KS Bar No. 22044)
Attorney
9401 Indian Creek Parkway, Bldg. 40, Ste. 1150
Overland Park, KS 66210
Phone: (913) 491-5500
Fax: (913) 491-3341
ljmizell@martinpringle.com


Attorney for Best Choice Home
Health Care Agency Inc.


For the Secretary:

Elena S. Goldstein
Acting Solicitor of Labor

Christine Z. Heri
Regional Solicitor

Evert H. Van Wijk
Associate Regional Solicitor


_s/Dana M. Hague
Dana M. Hague (KS Bar No. 21572)
Senior Trial Attorney
U.S. Department of Labor
Office of the Solicitor
2300 Main Street, Suite 1020
Kansas City, MO 64108
Phone: 816-285-7289
Fax: 816-285-7287
hague.dana.m@dol.gov

Attorneys for Plaintiff

# EXHIBIT A

| Employee | Back Wages | Liquidated Damages |
|---|---|---|
| Sellah Achoki | $1,333.35 | $500.00 |
| Latrina Akins | $96.44 | $500.00 |
| Tysa Allen | $87.76 | $500.00 |
| Ella Baines | $60.51 | $500.00 |
| Sonya Baker | $293.01 | $500.00 |
| Jakeshia Banks | $955.22 | $500.00 |
| Carolyn Barnes | $1,581.97 | $500.00 |
| Michael Barnes | $691.12 | $500.00 |
| Lasha Barnett | $28.67 | $500.00 |
| Quendes Bell | $118.84 | $500.00 |
| Shala Belton | $492.32 | $500.00 |
| Natalia Berezovskay | $1,639.40 | $500.00 |
| Steven Betts | $86.40 | $500.00 |
| Leta Billups | $226.50 | $500.00 |
| AW Bonilla | $157.51 | $500.00 |
| Charles Bowser | $31.23 | $500.00 |
| Faith Bowser | $1,219.94 | $500.00 |
| Yolanda Boyd | $159.50 | $500.00 |
| D'Vonte Brown | $118.26 | $500.00 |
| Frances Brown | $5,284.84 | $500.00 |
| Sandra Brown | $3,867.78 | $500.00 |
| Sharon Burdette | $1,816.05 | $500.00 |
| Craig Burge | $357.21 | $500.00 |
| Clarissa Burnett | $868.09 | $500.00 |
| D E Burton | $423.81 | $500.00 |
| Keyanna Campbell | $61.46 | $500.00 |
| T Campbell | $311.92 | $500.00 |
| Lakenya Canady | $889.92 | $500.00 |
| Alexis Clark | $1,679.68 | $500.00 |
| Latoya Clayton | $41.80 | $500.00 |
| Sherrja Cline | $43.44 | $500.00 |
| Leah Cole | $33.25 | $500.00 |
| Ervon Coleman | $33.60 | $500.00 |
| William Collins | $27.00 | $500.00 |
| Letishia Cooper | $1,048.74 | $500.00 |
| Wayne Cooper III | $378.95 | $500.00 |
| Hollyn Creal | $304.48 | $500.00 |
| Telissah Crosby | $35.96 | $500.00 |
| Earlene Daniels | $60.34 | $500.00 |
| Damario Danner | $58.00 | $500.00 |
| Tiffany Dantzler | $8,718.47 | $500.00 |

| Employee | Back Wages | Liquidated Damages |
|---|---|---|
| Anthony Davis | $76.51 | $500.00 |
| Tia Davis | $5,969.64 | $500.00 |
| Vallire J. Davis | $13,134.44 | $500.00 |
| Centhia Diaz | $3,798.86 | $500.00 |
| Monique Dyson | $2,490.34 | $500.00 |
| Carla Eckley | $241.47 | $500.00 |
| Nyree Elam | $188.24 | $500.00 |
| Glenda Eldridge | $490.03 | $500.00 |
| Imani Ellis | $4,242.96 | $500.00 |
| Oscar Fairrow | $3,516.42 | $500.00 |
| Erica Farrow | $1,628.16 | $500.00 |
| Tanya Fennix | $246.50 | $500.00 |
| Kimberly Fondren | $109.15 | $500.00 |
| Pete Forrester | $1,872.91 | $500.00 |
| Aaron Frazier | $378.57 | $500.00 |
| Angela Frazier | $1,824.48 | $500.00 |
| Heather Frecks | $119.25 | $500.00 |
| Marianne Free | $184.17 | $500.00 |
| Taylor Gabel | $25.88 | $500.00 |
| Maria Galaviz | $1,223.24 | $500.00 |
| Angela Gallagher | $38.16 | $500.00 |
| Earline Garret | $101.36 | $500.00 |
| Wanda Garrett | $1,757.25 | $500.00 |
| Airel Gatewood | $43.92 | $500.00 |
| Jordan Gillum | $25.88 | $500.00 |
| Charlotte Glenn | $620.65 | $500.00 |
| Sharon Green | $10,316.88 | $500.00 |
| Tanika Green | $39.10 | $500.00 |
| Leslie Griffin | $77.09 | $500.00 |
| Cortisha Hall | $243.86 | $500.00 |
| Tracy Harold | $58.80 | $500.00 |
| Chante Harris | $405.93 | $500.00 |
| Tyrone Harris | $6,702.82 | $500.00 |
| M S Harris Sr | $842.91 | $500.00 |
| Timisha Hayes | $796.68 | $500.00 |
| Latricia Heags | $22.08 | $500.00 |
| J M Hendricks | $2,647.77 | $500.00 |
| LaTanya Hill | $5,519.71 | $500.00 |
| Leandra Hill | $8,029.69 | $500.00 |
| Sena Hook | $818.58 | $500.00 |
| Andrea Hooks | $985.08 | $500.00 |
| Ramona Howard | $1,790.95 | $500.00 |
| Karla Howell | $27.00 | $500.00 |
| Shanita Huggins | $45.51 | $500.00 |

| Employee | Back Wages | Liquidated Damages |
|---|---|---|
| Tony Ingram | $8,370.57 | $500.00 |
| Neomi Ivory | $381.73 | $500.00 |
| D D Jackson | $1,045.72 | $500.00 |
| Delois Jackson | $31.88 | $500.00 |
| Jannel Jackson | $3,330.22 | $500.00 |
| Jeffery Jackson | $4,301.17 | $500.00 |
| Stuart Jackson | $243.95 | $500.00 |
| J D Jackson-Page | $1,038.44 | $500.00 |
| April Johnson | $9,684.01 | $500.00 |
| Arnez Johnson | $2,374.53 | $500.00 |
| Clay Johnson | $203.92 | $500.00 |
| Kattie Johnson | $617.22 | $500.00 |
| Larry Johnson | $42.93 | $500.00 |
| Stephanie Johnson | $119.03 | $500.00 |
| Candi Jones | $55.33 | $500.00 |
| Jewell Jones | $2,928.95 | $500.00 |
| Tameka Jones | $113.49 | $500.00 |
| Jamie King | $99.34 | $500.00 |
| Maria Lachica | $30.38 | $500.00 |
| Tammy Lang | $1,283.59 | $500.00 |
| E Larmar | $88.88 | $500.00 |
| Juanita Lawrence | $124.04 | $500.00 |
| Darelnesha Lawson | $2,056.78 | $500.00 |
| Tierra Lee | $377.79 | $500.00 |
| Michael Marshall | $2,657.28 | $500.00 |
| Marquita Marshbanks | $12,778.24 | $500.00 |
| Charita Martin | $82.76 | $500.00 |
| Tammy Maspero | $217.35 | $500.00 |
| Kendra Maxwell | $3,103.15 | $500.00 |
| Frankie Mayfield | $86.88 | $500.00 |
| Tynisha Mays | $1,415.32 | $500.00 |
| Latrece McCluney | $6,300.08 | $500.00 |
| Jasmine McDonald | $29.22 | $500.00 |
| Teriauna McDonald | $400.00 | $500.00 |
| Fredrick McGary | $2,775.97 | $500.00 |
| Sandra MCGill | $1,337.30 | $500.00 |
| Catrina Miller | $33.74 | $500.00 |
| Latricia Miller | $912.24 | $500.00 |
| Sherise Miller | $83.25 | $500.00 |
| LaShonda Mitchell | $460.16 | $500.00 |
| Sherry Mitchell | $62.05 | $500.00 |
| Sugandi Mongar | $1,580.48 | $500.00 |
| Jerry Moore | $1,047.15 | $500.00 |
| Keisha Moore | $220.50 | $500.00 |

| Employee | Back Wages | Liquidated Damages |
|---|---|---|
| Paulette Moore | $933.75 | $500.00 |
| Thomas Moore | $753.64 | $500.00 |
| Monai Myers | $1,250.08 | $500.00 |
| Sandra Nelson | $1,651.61 | $500.00 |
| Katina Newton | $629.99 | $500.00 |
| Rachelle Owens | $183.26 | $500.00 |
| Shawonne Owens | $492.07 | $500.00 |
| Angela Pacheco | $72.00 | $500.00 |
| Muryelzhia Payne | $53.10 | $500.00 |
| Shamir Pearson | $377.27 | $500.00 |
| Mayeshella Phillips | $108.38 | $500.00 |
| Vincent Phillips | $565.23 | $500.00 |
| Alisha Plenty-Wolf | $7,469.46 | $500.00 |
| Amy Ponte | $1,367.69 | $500.00 |
| Mattie Price | $174.20 | $500.00 |
| Malissa Randle | $668.24 | $500.00 |
| LD Randolph | $446.16 | $500.00 |
| Mario Reed | $268.80 | $500.00 |
| Timothy Reid | $79.67 | $500.00 |
| Shauna Rhea | $163.13 | $500.00 |
| Ricky Richmond | $238.30 | $500.00 |
| James Riley | $584.72 | $500.00 |
| Christopher Rivers | $159.50 | $500.00 |
| Myshia Robertson | $3,206.03 | $500.00 |
| Booker Robinson | $223.83 | $500.00 |
| Billie Roebuck | $1,092.29 | $500.00 |
| Shelina Rosenberg | $378.33 | $500.00 |
| Gregory Samuels | $214.89 | $500.00 |
| Deloris Sanders | $109.48 | $500.00 |
| Morris Sanders | $9,816.77 | $500.00 |
| Kevin Scaife | $1,371.12 | $500.00 |
| Spana Shashankhar | $115.59 | $500.00 |
| Natasha Shelby | $923.04 | $500.00 |
| Laxmi Sinchuri | $146.36 | $500.00 |
| Rhonda Smith | $887.18 | $500.00 |
| Tramayne Smith | $152.09 | $500.00 |
| Virginia Smith Ward | $234.66 | $500.00 |
| Shaprelle Stewart | $3,028.77 | $500.00 |
| Felton Stone | $650.57 | $500.00 |
| Shelly Sublett | $734.87 | $500.00 |
| Pearl M. Tallie | $1,841.92 | $500.00 |
| David Taylor | $180.00 | $500.00 |
| Dorothy Taylor | $4,383.96 | $500.00 |
| Gabel Taylor | $342.03 | $500.00 |

| Employee | Back Wages | Liquidated Damages |
|---|---|---|
| Larry Taylor | $2,637.32 | $500.00 |
| Michael Taylor | $1,438.91 | $500.00 |
| Tameka Tensley | $66.23 | $500.00 |
| Cathleen Thomas | $566.38 | $500.00 |
| Diana Thomas | $919.99 | $500.00 |
| Kia Thomas | $562.74 | $500.00 |
| Christina Thrash | $30.81 | $500.00 |
| Victoria Todd | $168.70 | $500.00 |
| Patricia Umland | $1,020.77 | $500.00 |
| Charita Vaughn | $2,174.94 | $500.00 |
| Laura Walquist | $146.54 | $500.00 |
| Ronald Watson | $10,505.59 | $500.00 |
| Kim Webster | $13,417.48 | $500.00 |
| Lakisha Wesley | $4,676.39 | $500.00 |
| Justin Whayne | $3,269.15 | $500.00 |
| Mahogany Whitmill | $7,065.03 | $500.00 |
| Adreon Williams | $1,765.22 | $500.00 |
| Charlene Williams | $2,359.78 | $500.00 |
| Denise Williams | $192.16 | $500.00 |
| Dominic Williams | $3,481.41 | $500.00 |
| Everett Williams | $8,241.07 | $500.00 |
| Felishia Williams | $203.46 | $500.00 |
| Lacresha Williams | $25.44 | $500.00 |
| Lillie Williams | $1,647.13 | $500.00 |
| Nedra Williams | $2,502.97 | $500.00 |
| S N Williams | $3,205.43 | $500.00 |
| Utofia Williams | $1,279.25 | $500.00 |
| Catrina Wilson | $42.75 | $500.00 |
| Felishia Wilson | $5,854.53 | $500.00 |
| Karrie Wiredu | $179.19 | $500.00 |
| Kendra Womack | $2,247.86 | $500.00 |
| Tricia Worden | $129.33 | $500.00 |
| Irene Yates | $9,951.75 | $500.00 |
| **TOTALS** | **$334,668.36** | **$103,000.00** |

| Best Choice Home Health Agency (Case ID: 1809292) | | | | | |
|---|---|---|---|---|---|
| Employee Information | | | | | |
| Name | | Last Known Address | Last Known Phone Number | Last Known Email Address | Social Security Number |
| (Last) | (First) | | | | |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

Exhibit B